**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIEGO ERNESTO BELLOSO-
DELGADO,

             Petitioner,

v.

WILLIAM P. BARR, Attorney General,

             Respondent.

No.   17-71191

Agency No. A205-978-520

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2019[**]
San Francisco, California

Before: FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Diego Ernesto Belloso-Delgado ("Belloso-Delgado"), a citizen of El

Salvador, petitions for review of the order of the Board of Immigration Appeals

("BIA") dismissing his appeal of an Immigration Judge's ("IJ") decision denying

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his applications for asylum, withholding of removal on account of his membership in a social group, and for relief under the Convention Against Torture ("CAT").

Belloso-Delgado agrees that he did not timely file his asylum application and the issue is therefore waived.

Substantial evidence supports the BIA's and the IJ's denial of Belloso-Delgado's application for withholding of removal under 8 U.S.C. § 1231(b)(3). Citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the BIA adopted the IJ's decision that (1) the harms Belloso-Delgado experienced did not rise to the level of past persecution, and (2) Belloso-Delgado failed to establish past persecution or a clear probability of future persecution on account of a protected ground, his membership in the social group of "individuals actively resisting gangs."

First, Belloso-Delgado testified to an 18-second initiation beating, a coerced tattoo, and unfulfilled threats, all by the 18th Street gang, which do not rise to the level of  past persecution. *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006); *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003). He provided no evidence he would be persecuted if he were removed.

Second, Belloso-Delgado did not establish that he was a member of any group that opposed gang activity or that he opposed gang activity. Rather, the

2

record shows he was a member of a gang who was paid by the gang for collecting extortion, patrolling his neighborhood, and arranging a murder, though he testified he did attempt to warn off the victim at the last minute. Belloso-Delgado also claimed he feared he would be harmed by either his former gang for being an ex-member or a rival gang because of his membership in his former gang, but gang affiliation is not a socially distinct group in Salvadoran society and criminal activity cannot be the defining characteristic of a particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1137-38 (9th Cir. 2016). He did not provide any evidence that the government of El Salvador was unable or unwilling to protect him from gangs and thus reporting the activity would have been futile or placed him in danger. *Afriyie v. Holder,* 613 F.3d 924, 931 (9th Cir. 2010). Rather, he testified that the police attempted to break up gang activity and that Belloso-Delgado's girlfriend was not harmed by the gangs because her step-father was a police officer and able to protect her.

Belloso-Delgado applied for CAT protection pursuant to 8 C.F.R. § 1208.16-18. Substantial evidence supports the BIA's and IJ's determination that he failed to establish that it is more likely than not he would be tortured with government acquiescence if removed to El Salvador. Belloso-Delgado did not provide evidence he had been tortured in the past. Rather, he testified to an 18-

second initiation beating with no long-term health effects, a coerced tattoo, and unfulfilled threats, all by the 18th Street gang. This does not rise to the level of torture, defined as "extensive physical harm over time." *Guo* v. *Ashcroft,* 361 F.3d 1194, 1197-98 (9th Cir. 2004). He provided no evidence he would be tortured in the future if he were removed to El Salvador. He provided no evidence that the government of El Salvador would participate in or acquiesce to his being tortured. Rather, he testified the police in El Salvador broke up gang meetings and arrested and charged gang members engaged in violence and criminal activity, including Belloso-Delgado.

**PETITION FOR REVIEW DENIED.**